JACK BURGESS v. THE STATE.

No. 15120. Delivered February 24, 1932.
Rehearing Denied April 20, 1932.

The opinion states the case.

*Davenport & Crain,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is burglary; penalty assessed at confinement in the penitentiary for eight years.

The indictment appears regular and regularly filed. The facts before the trial court are not brought up for review. There are exceptions to the charge of the court and bills of exception asserting that there was a variance between the allegation and proof. The sufficiency of the evidence is also challenged by a special charge. There are other exceptions to the charge not necessary to describe; also exceptions to the reception of the evidence. In the absence of a statement of facts showing the evidence that was before the trial court, it is not possible for this court to determine whether the complaints made are meritorious or not. In the absence of a record showing the contrary, the presumption of regularity of the action of the trial court must prevail.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—It is now made to appear that the present case and that of N. H. Michaels v. State, 120 Texas Crim. Rep., 553, 49 S. W. (2d) 444, were companion cases; that although prosecuted under different indictments, the criminal act was one and the same, and by agreement the two cases were tried together, it being understood between the state and appellant that one statement of facts would be sufficient. It was filed in the Michaels case. A duplicate statement of facts has now been filed in this case, and upon the explanation made it has been considered.

The facts will not be repeated; they are set out at some length in the opinion in Michaels' case, this day decided. The questions of law arising under the record here are precisely the same as those discussed and disposed of in the companion case.

Giving appellant the benefit of the record now on file we are constrained to overrule his motion for rehearing for the same reasons that supported the affirmance of the judgment in the companion case.

The motion for rehearing is overruled.

*Overruled.*